IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE A. JACKSON, <br> TDCJ # 1058793, <br><br> Plaintiff, <br><br> v. <br><br> COV JESSICA VASQUEZ, et al., <br><br> Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-14-1781 |

## MEMORANDUM OPINION AND ORDER

Lee A. Jackson, an inmate of the Texas Department of Criminal Justice (TDCJ), has filed a civil rights complaint under 42 U.S.C. § 1983 against TDCJ-CID Correctional Officer (COV) Jessica Vasquez and COV Christine Alfred. Jackson complains that he was deprived of personal property without being afforded due process. After reviewing the complaint, the court has determined that this action should be **dismissed**.

### I. Allegations and Claims

Jackson states that he was placed in pre-hearing detention (PHD) for a prison rule violation on January 21, 2014. Docket Entry No. 1, p. 4. On that same day, an unnamed correctional officer confiscated and inventoried his property, which was then placed in the property room. Jackson was later moved to solitary confinement where he remained until January 29, 2014. Officer Alfred returned Jackson's property to him when he was released from solitary confinement. Upon inspecting the property, Jackson

discovered that $60 to $100 of his personal items were missing. When Jackson questioned Officer Alfred about the missing property, she responded that she had given Jackson what Officer Vasquez had given her in the property room. Jackson filed Step 1 and Step 2 grievances complaining that his property was taken without authorization and that no adequate investigation had been made. Both grievances were rejected.

Jackson contends that his property was seized in violation of the Fourteenth Amendment. Docket Entry No. 1, p. 4. He seeks nominal, injunctive, and declaratory relief.

## II. Analysis

Jackson asserts that his rights were violated under 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983; Breen v. Texas A&M Univ., 485 F.3d 325, 332 (5th Cir. 2007). Jackson alleges that he lost his property when the defendants took it from him without affording him due process. Such a claim is not actionable if the State provides a remedy. Hudson v. Palmer, 104 S.Ct. 3194 (1984); Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). Texas law provides an adequate remedy for unauthorized taking of property. Brewster, 587 F.3d at 768, citing Murphy v. Collins, 26

F.3d 541, 543 (5th Cir. 1994)); see also Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995) (Texas law provides an adequate remedy for unauthorized taking of property). Jackson has not asserted an actionable § 1983 claim because he has not demonstrated that there is no state remedy available to him. Gee v. Pacheco, 627 F.3d 1178, 1194 (10th Cir. 2010).

Jackson has filed this action as a pauper. Under the provisions of 28 U.S.C. § 1915(e), the district courts are authorized to dismiss in forma pauperis complaints if they are frivolous. Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999). A complaint is frivolous if it lacks an arguable basis in law. Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). This complaint is **DISMISSED** as frivolous.

### III. Application to Proceed In Forma Pauperis

Jackson's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**. However, Jackson is obligated to pay the entire filing fee ($350.00) under 28 U.S.C. § 1915(b). No initial partial filing fee shall be ordered. The TDCJ-CID Inmate Trust Fund shall deduct 20% of each deposit made to Jackson's inmate account and forward the funds to the District Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b)(2), until the fee has been paid.

## IV. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct 20 percent from each deposit made to the account of Lee Al Jackson (TDCJ No. 1058793) and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

3. The Motion for Leave to Amend the Complaint (Docket Entry No. 4) is **GRANTED**.

4. The prisoner civil rights complaint (Docket Entry No. 1), filed by Inmate Lee A. Jackson (TDCJ No. 1058793), is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas  78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas  77342-0060; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 21st day of July, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE